[No. 1205, July 1, 1909.]

RICHARD DE PALMA and BERNARD RUPPE, Appellees, v. J. A. WEINMAN and JOSEPH BARNETT, Appellants.

### SYLLABUS.

1. A previous ruling by an appellate court upon a point distinctly made in a case before it, becomes the law of that case.

2. A lessor who permits an adjoining lot owner to

enter the leased premises and excavate under the wall of the leased building, under a party wall agreement, was equally liable with such owner for damages to the lessee's goods through the falling of the wall.

3. The chief consideration which determines one to be an independent contractor is the fact that the employer has no right of control as to the mode of doing the work contracted for.

4. Contractor held to be servant of owner and not independent contractor where work was done under direction of superintendent who was agent of owner and had full control of the work.

5. Though one excavating for lot owner is an independent contractor, owner would still be liable if the agreed method of excavating under the wall in question worked an injury to the rightful occupant of the building on a lot adjoining.

6. It is not the law that a merchant must be able to recall from memory every article in his store and its value before he can recover damages for loss thereof by reason of some one's wrongful act. Any writing, may under such circumstances, be used for stimulating and reviving the memory of a witness, even though it was not made by witness himself and though it may be only a copy of the original writing. The memoranda may be read to the jury if the witness knows them to be correct, even though the writing itself cannot bring to his mind independently the separate items.

7. If appellants by their wrongful acts caused the destruction and injury of appellee's goods, appellee was entitled to recover the value of the stock and fixtures destroyed, damage to stock and fixtures not completely destroyed and reasonable expenses of moving to another location.

8. Where in consequence of a trespass, the plaintiff's business is destroyed, damages for loss of profits may be recovered.

9. There was not sufficient evidence to sustain a verdict for loss of profits, where there was no evidence of loss except a bald statement as to the net profits per month even though witness referred to some memoranda to refresh his

memory but it nowhere appears what the memoranda were nor when and .by whom made or that witness knew or believed them to be correct.

10. Interest is not allowable as a matter of law, except in cases of contract, or the unlawful detention of money, unless so provided by statute. In an action for damages to plaintiff's business and stock of merchandise through wrongful injury to his store building, it was error to instruct the jury to allow interest. In cases of tort the allowance of interest. as damages rests in the discretion of the jury.

Appeal from the District Court for Bernalillo County, before IRA A. ABBOTT, Associate Justice. Reversed and remanded.

NEILL B. FIELD for Appellant Barnett.

All questions not passed upon at former trial are open to review to the same extent that they would have been had there been no former appeal. Crary v. Field, 10 N. M. 257.

Whenever in the trial of a civil case it is clear that the state of the evidence is such as not to warrant a verdict for a party, and that if such a verdict were rendered the other party would be entitled to a new trial, it is the right and duty of the judge to direct the jury to find according to the views of the court. Merchants' Bank v. State Bank, 10 Wall. 604, 637; Improvement Company v. Munson, 14 Wall. 442; Pleasants v. Fant, 22 Wall. 116; Ryder v. Wombwell, Law Rep. 4 Ex. 32; Giblin v. McMullin, Law Rep. 2 P. C. 335; Bowditch v. Boston, 101 U. S. 18; Sorenson v. Paper Co., 56 Wis. 342; Candelaria v. R. R. Co., 6 N. M. 266; Morrison v. Construction Co., 44 Wis. 411; Orth v. Ry. Co., 47 Minn. 388, 389; Asbach v. Ry. Co., 74 Ia. 250; Hughes v. R. R. Co., 16 S. W. 275; 82 Pac. 362.

A tenant can maintain trespass only where there is. an interference with his possession; the landlord is the proper party to sue where the trespass results in an injury to the inheritance. Northern Trust Co. v. Palmer, 49 N. E. 555; Bobb v. Syenite Granite Co., 41 Mo. App. 642; 56 Mo. App. 138, 139; 1 Taylor's Landlord & Tenant,

sec. 174; Proud v. Hollis, 1 B. & C. 8; Penley v. Watts, 7 M. & W. 601; Shaw v. Commisky, 7 Pick. 76; Peterson v. Edmundson, 5 Harr. 378.

An independent contractor alone is responsible if by his departure from the requirements of the plans and specifications injury is inflicted. Casement v. Brown, 148 U. S. 615; Chicago v. Robbins 67 U. S. 418; Transportation Co. v. Chicago, 99 U. S. 635; Sulzbacher v. Dickie, 51 How. Pr. 500; Norwalk Gas Co. v. Norwalk, 63 Conn. 495; Conners v. Hennessey, 112 Mass. 96; Engel v. Eureka Club, 33 Am. St. Rep. 693; Dillon v. Hunt, 24 Am. St. Rep. 374; Charles v. Rankin, 66 Am. Dec. 642 and note; Gilmore v. Driscoll, 122 Mass. 199.

It was incumbent on plaintiffs to produce the best evidence of which the case was susceptible. Central Coal and Coke Co. v. Hartman, 111 Fed. 102; 17 Wend. 161; 23 Wend. 431; 24 Wend. 668; 5 Hill, 603; 7 Hill 61, 77; Blanchard v. Ely, 21 Wend. 342; Brill v. Flagler, 23 Wend. 354; Giles v. O'Toole, 4 Barb. 263, 264; Gildersleeve v. Overstoltz 90 Mo. App. 530; 1 Green Ev. s. 436; 1 Phil Ev. 289; 2 Cowan & Hill's Notes 750; Abbott's Trial Ev. 320; 1 Wig. Ev. ss. 744-763 inc.; Clark v. Holmes, 43 Atl. 194; Watterson v. The Allegheny Valley Ry. Co., 74 Pa. St. 209; Boston & Albany R. R. Co. v. O'Reilly, 158 U. S. 334; Swift & Co. v. Johnson, 138 Fed. 867; Richmond & Danville R. R. Co. v. Elliott, 149 U. S. 266; The City of Cincinnati v. Platt Evans, 5 O. S. 594; Howard v. Stillwell & Bierce Mfg. Co., 139 U. S. 199; Silurian Mineral Spring Co. v. Kuhn, 91 N. W. 508; Douglass v. Ohio River R. C., 41 S. E. 911; Paquin v. St. Louis & S. Ry. Co., 90 Mo. App. 118; Gochel v. Hough, 26 Minn. 252.

Instructions as to damages. Karbach et al v. Fogel, 88 N. W. 660; Hayden v. Florence Sewing Mach. Co., 54 N. Y. 225; Howard v. Stillwell & Bierce Mfg. Co., 139 U. S. 206; 3 Suth. on Dam. 3 ed., sec. 864, p. 2580; Shafer v. Wilson, 44 Md. 268; Casper v. Klipper, 61 Minn. 353, 63 N. W. 727; Des Allemande Lumber Co. v. Morgan City Timber Co., 41 So. 332; Silurian Mineral Spring Co. v. Kuhn, 91 N. W. 508; Douglas v. Ohio River R. Co.,

41 S. E. 911; Paquin v. St. Louis & S. Ry. Co., 90 Mo. App. 118; Griffin v. Colver, 69 Am. Dec. 718; Butler et al v. Collins, 12 Cal. 457; Ft. Pitt Gas Co. v. Evansville Contract Co., 123 Fed. 63; Louisa Douai Wehle v. John G. Haviland, et al, 68 N. Y. 448; 1 Sedgewick on Dam., 79, p. 128, 7 ed.; Cincinnati Siemens-Lungren Gas Illuminating Co. v. Western Siemens-Lungren Co., 152 U. S. 200; Central Trust Co. of N. Y. et al v. Clark, 92 Fed. 293; Dietrich v. Rumsey, 45 Ill. 209.

Plaintiffs were not entitled to recover interest as damages. C. L. 1897, secs. 3550, 3219; Robertson v. Hope, 121 Mo. 40; Lincoln v. Claflin, 74 U. S. 139, 19 L. ed. 109; Brent v. Thornton, 106 Fed. 38; N. Y. Lake Erie & Western R. Co. v. Estill, N. Y., Lake Erie & Western R. Co. v. Leonard, 147 U. S. 621; District of Columbia v. Robinson, 180 U. S. 107; A. T. & S. F. R. Co. v. Ayers, 42 Pac. 724; Emerson v. Schoonmaker, 135 Pa. St. 440; Hawley v. Barker, 5 Colo. 118; Illinois Cent. R. Co. v. Cobb, 72 Ill. 148; City of Chicago v. Allcock, 86 Ill. 384; Atkinson v. Atl. & Pac. R. Co., 63 Mo. 367; Kenny v. Hannibal & St. J. R. Co., 63 Mo. 99; Denver, S. P. & P. R. Co. v. Conway, 5 Pac. 142; Reiss v. N. Y. Steam Co. 12 N. Y. Sup. 557; Missouri & K. Telephone Co. v. Vanderwort, 79 Pac. 1068; Union Pac. R. Co. v. Holmes, 74 Pac. 606, 607; Gilpins v. Consequa, 10 Fed. Cases 420; Lincoln v. Claflin, 74 U. S. 132; Feller v. McKillip, 81 S. W. 641.

The tenant is put to his election to continue as a tenant or to treat his eviction as a breach of the covenant for quiet enjoyment, in which latter event "the right of action accrues at the time the covenant is broken and all damages that have been or will be sustained may be immediately recovered." 3 Suth. on Damages, sec. 864, p. 2580; Skally v. Shute, 132 Mass. 370; International Trust Co. v. Schumann, 158 Mass. 291; Bartlett v. Farrington, 120 Mass. 284; Royce v. Guggenheim, 106 Mass. 201; Bennett v. Bittle, et al, 4 Rawle 381.

The giving of two or more instructions which are inconsistent with each other is calculated to mislead the jury and leave them in doubt as to the law. Brown v.

McAllister, 39 Cal. 577; Hoben v. Railroad Co., 20 Iowa 567; Haight v. Vallet, 89 Cal. 245; Bank of Metropoli- v. New England Bank, 6 How. 212.

W. B. Childers for Appellant Weinman.

In the absence of fraud or concealment by the lessee of the condition of the property at the date of the lease, the rule of caveat emptor applies. 24 Cyc. of Law, pp. 1047, 1049; Dulton v. Gerish, 9 C. 89, 55 Am. Dec. 45; Roth v. Adams, et al. 70 N. E. 445; Davis v. George, 39 At. R. 979.

"Nor is the landlord under any obligations to protect the tenant from danger due to the removal of a building adjoining the demised premises." 18 Enc. L. 217; Howard v. Doolittle, 3 Duer. 464; Brewster v. Defremey, 33 Cal. 345; Moore v. Webber, 10 Am. Rep. 708; Ward v. Fagan, 20 Am. St. Rep. 650.

Effect of party wall agreement. Garham v. Gross, 117 Mass. 444, 3 Lathup; Glover v. Mersman, 4 Mo. Ap. 90; 2 Washt. on Real Prop. 4 ed. 363; Ketcham v. Newman, 141 N. Y. 205, 24 L. R. A. 102.

The construction of the party wall did not necessarily involve a trespass. 18 Am. & Eng. Enc. L. pp. 546, 548, 550, 551, 163 and authorities cited; 1 Taylor Landlord and Tenant, 8 ed. 12; Winn v. Abeles, 52 Am. Rep. 138; Sullivan v. Zeiner, 98 Cal. 346; Aston v. Nolan, 63 Cal. 269, 272; Obert v. Dunn, 140 Mo. 476; Myer v. Hobbs, 57 Ala. 175; McGuire v. Grant, 25 N. J. L. 356.

"The owner will not be liable for injuries done to a house on an adjacent lot caused by excavations made for building purposes on his own lot when the work is done by a skilled contractor to whom the job has been let." Charles v. Rankin, 66 Am. Dec. 650; Casement v. Brown, 148 U. S. 615; Chicago v. Robbins, 67 U. S. 418; Transportation Co. v. Chicago, 99 U. S. 635; Sulzbacher v. Dickie, 51 How. Pr. 500; Norwalk Gas Co. v. Norwalk, 63 Conn. 495; Conners v. Hennessey, 112 Mass. 96; Engel v. Eureka Club, 33 Am. St. Rep. 693; Dillon v. Hunt, 24 Am. Rep. 374; Gilmore v. Driscoll, 122 Mass. 199; Carmen v. Steubenville & Indiana Railroad Co., 4 Ohio,

St. 399-414; Garvin v. American Mills, 27 Connecticut 274; Wood on Master and Servant, 610, par. 314.

"The giving of instructions which are inconsistent with or contradictory to each other is error." Thompson on Trials, vol. 2, p. 1682, secs. 2314, 2326, and authorities cited in note 4; 2 Blackstone Commentaries 454; 11 A. & E. Enc. Law, pp. 145-147, 454; City of Pekin v. Raynolds, 83 Am. Dec. 244 and notes; Curtis v. Innerarity, 6 How. U. S. 154; Lloyd v. Scott, 4 Peters 205.

"In as much as the liability of several persons for the same tort is ordinarily separate as well as joint, it does not lose its character by the mere commencement of a joint action against them; but such action may proceed to different results with regard to different defendants." 2 Hillard on Torts, 4 ed., pp. 264, 265; Cooley on Torts, 126; Laverty v. Van Arsdale, 65 Pa. St. 507; Hamilton v. McGee, 19 Md. 43; Powers v. Sawyers, 46 Me. 160.

O. N. MARRON and A. B. McMILLEN, for Appellees.

Any unauthorized trespass upon the land of another or unauthorized intermeddling with the goods of another is an actionable trespass. 1 Sutherland on Damages 12 and cases cited; 3 Sutherland on Damages 364; Bishop Non-Contract Law, sec. 819; Wood Landlord and Tenant 917.

There are no accessories in trespass. Whitney v. Turner, 1 Scam. 253; Northern Trust Co. v. Palmer, 49 N. E., Ill. 555; Bishop on Non-Contract Law, sec. 522 and cases cited; 1 Sutherland on Damages 211; Lovejoy v. Murray, 3 Wall. 11.

"When one makes a contract with another to do some act which when done necessarily invades the right of a third person or injures his property, each of the contracting parties becomes liable to the one injured, the same as though both had performed the act. Bishop Non-Contract Law, sec. 522, 604; Whitney v. Turner, 1 Scam. 253; Olsen v. Upsohl, 69 Ill. 273; City of Joliet v. Harwood, 86 Ill. 110; Florsheim v. Dullaphan, 58 Ill. Appeals 593; Northern Trust Co. v. Palmer, 49 N E. Ill. 555; Jefferson v. Chapman, 27 Ill. Appeal 44; Water Company v. Ware.

16 Wall. 566-576; Robins v. Chicago, 4 Wall. 679; Lovejoy v. Murray, 3 Wall. 11; Carman v. Steubenville, etc., 4 O. S. 399-418; Palmer v. Lincoln, 5 Neb. 136; Gorham v. Gross, 125 Mass. 234; Sturges v. Educational Society, 130 Mass. 414, 415; Ellis v. Sheffield, etc., 2 Ellis & B. 767.

Although one procures a thing to be done through an independent contractor, if the thing itself, or the agreed method of doing it, works an injury to a third person, the former may be compelled to pay; not on the ground that the latter is his servant, for he is not, but because the procurer of a tort is answerable as doer. Bishop on Non-Contract Law, sec. 604; Ellis v. Sheffield Gas Con. Co., 2 Ellis & B. 767; Carman v. Steubenville, etc., Ry., 4 O S. 399, 418; Palmer v. Lincoln, 5 Neb. 136; Sturges v. Theological Ed. Soc. 130 Mass. 414, 415; Cooley on Torts, 2 ed., 644 and cases cited; Water Co. v. Ware, 16 Wall. 566, 576; Bower v. Peate, L. R., 1 Q. B. D. 321; Stevenson v. Wallace, 27 Grat. 77; Wertheimer v. Saunders, Wis., 37 L. R. A. 146; Robins v. Chicago, 4 Wall. 679; Chicago v. Robins, 2 Black. 426, 427; Cristler v. Ott, 16 So. 416; Lawrence v. Shipman, 39 Conn. 586; Hilliard v. Richardson, 3 Gray 349; Conners v. Hennessey, 112 Mass. 96; Gorham v. Gross, 125 Mass. 232; Butler v. Hunter, 7 H. & N. 826; Dalton v. Angus, L. R. 6 App. Cas. 829; Northern Trust Co. v. Palmer, 49 N. E. R., Ill. 555; 1 Sutherland on Damages, 1 ed. 769 and cases cited; Snow v. Pulitzer, N. Y., 36 N. E. R. 1059.

"Where a landlord wrongfully enters into any part of the demised premises which are let for an entire rent, and expels his lessee therefrom, there is a total suspension of the rent until the tenant is restored to the whole possession." Wood on Landlord and Tenant, secs. 473 and cases cited.

"In actions of torts, damages, which are the natural and proximate consequences of the defendant's wrongful act, may be recovered, though not contemplated by the wrongdoer." 1 Sutherland Damages, 173, 174, 629 and cases cited; 3 Sutherland on Damages 475, 476, 385 and cases cited, 387, 388, 153, 154, Wicker v. Hoppock, 6 Wall.

99; Snow v. Pulitzer, 36 N. E., N. Y. 1059, Schile v. Brokhaus, 80 N. Y. 619; Wood Landlord and Tenant 782; Show v. Hoffman, 25 Mich. 162; Hawthorne v. Siegel, 22 A. S. R. 291; Hexter v. Knox, 68 N. Y. 561; Chapman v. Kerby, 49 Ill. 211; Smith v. Underhill, 70 Ill. 426; Dobbins v. Duquid, 65 Ill. 464; N. Y. Academy of Music v. Hockett, 2 Hilt. 217; Allison v. Chandler, 11 Mich. 542; Seyfert v. Bean, 83 Pa. St. 450; Lacour v. Mayor, etc.. 3 Duer 406; St. John v. Mayor, 13 How. Pr. 527; Eten v. Luyster, 60 N. Y. 252; Shafer v. Wilson, 44 Md. 268; Glass v. Garber, 55 Ind. 336; Clark v. St. Clair, etc. Co., 24 Mich. 508; Fradenheit v. Edmundson, 36 Mo. 226; Kemper v. City of Louisville, 14 Bush. 87; City of Terre Haute v. Hudnut, 112 Ind. 542, 13 N. E. 686; Gibson v. Fischer, 68 La. 29, 25 N. W. 914; Simmons v. Brown. 5 R. I. 29, 73 Am. Dec. 66; Lawson v. Prince, 45 Md. 123; Oliver v. Perkins, 92 Mich. 304, 52 N. W. 609; Goebel v. Hough, 26 Minn. 252, 2 N. W. 847; Downell v. Jones, 52 Am. Dec. 194; Anvil Mining Co. v. Humble, 153 U. S. 459.

A witness may refresh his memory with writing which is used only for the purpose of assisting his memory. Counsel have the right to inspect the memoranda and the jury may also inspect them upon the proper request, but it is not in itself evidence to go to the jury. It is not necessary that the writing should have been made by the witness. The memoranda need not be made contemporaneously with the facts recorded. The manner of using memoranda of this character is left largely to the discretion of the court. Jones on Evidence, secs. 678, 879, 880, 882, 883; 1 Wigmore on Evidence, sec. 762; Henry v. Lee, 2 Chitty 124; Gregory v. Taverner, 6 C. & P. 281; Com. v. Jeffs, 132 Mass. 5.

For destruction of property the plaintiff is entitled to the value of the property with interest from the time of its destruction. Sutherland on Damages, vol. I, pp. 173, 174, 356, 629; Young v. Godby, 15 Wall. 562; Lincoln v. Claflin, 7 Wall. 132; Nashua, etc. Ry. v. Boston, etc., Ry., 61 Fed. 248; St. Louis, etc., Ry. v. Biggs, 50 Ark. 177, 6 S. W. 727; Jacksonville, etc., Ry. Co. v. Penin-

Palma & Ruppe v. Weinman & Barnett.

sular etc., Ry. Co., 27 Fla. 140, 9 So. 685, 17 L. R. A. & N. 61; Frazer v. Bigelow, 141 Mass. 128, 4 N. E. 622; Kendrick v. Towle, 60 Mich. 368, 1 A. S. R. 529; "Scotland," 105 U. S. 24; The Vaughn and Telegraph, 14 Wall. 258; Murray v. Charming Betsey, 2 Cranch. 64; The Anna Maria, 2 Wheat. 327; The Amiable Nancy, 3 Wheat. 546; Smith v. Condry, 1 How. 28; Williamson v. Barrett, 13 How. 101; New York etc., Ry. Co. v. Estill, 147 U. S. 501; Mobile & Montgomery Railway v. Jurey, 111 U. S. 584; Gray v. Missouri River Packet Co., 64 Missouri 47; Dunn v. Hannibal & St. Jo. R. R., 68 Mo. 268; Hutchinson on Carriers, 2 ed., sec. 771; Elliott on Appellate Procedure, sec. 642: Hughes on Instructions, sec. 241, 243; Kendrick v. Towle, 1 A. S. R. 529; Lucas v. Wattles, 49 Mich. 383; Hoyt v. Jeffers, 30 Mich. 192; Winchester v. Craig, 33 Mich. 205; Beals v. Guernsey, 8 Johns. 446; 5 Am. Dec. 348; Johnson v. Summer, 1 Met. 172; Derby v. Gallup, 5 Minn. 119; Rhenke v. Clinton, 2 Utah 230; Shepard v. Pratt, 16 Kan. 209; Sedgwick on Damages, 7 ed. 189, note; The Amalia, 34 L. J. N. S., Adm. 21; Parrott v. Knickerbocker Ice Co., 46 N. Y. 361; Mailler v. Express Propeller Line, 61 N. Y. 312; Chapman v. Chicago & N. W. Ry. Co., 26 Wis. 295, 304, 7 Am. Rep. 81; Sanborn v. Webster, 2 Minn. 277; Railroad Co. v. Cobb, 35 Ohio St. 94; City of Chicago v. Allcock, 86 Ill. 384; Lincoln v. Claflin, 7 Wall. 132, 139; Old Colony R. R. v. Miller, 125 Mass. 1, 28 Am. Rep. 194; Frazer v. Bigelow Carpet Co., 141 Mass. 126.

Where a material fact is conclusively shown by undisputed evidence or is admitted to be true, the court may assume such fact in the instructions. Hughes on Instructions, sec. 196 and cases cited.

### STATEMENT OF FACTS.

The appellants, Weinman and Barnett, were the owners of lots two (2) and one (1) respectively, of block sixteen (16) of the town of Albuquerque, at all times during which the events leading up to the bringing of this action transpired, and in December, 1901, on each lot stood a

building with separate walls between but very close together and perhaps touching part or all the way where they ran parallel to each other. On December 15, 1901, Weinman leased his building on lot two, to appellees who subsequently, up to June 30, 1902, used and occupied it as a retail drug store, the lease running for two years and the rent reserved being ninety dollars per month, payable monthly in advance. Sometime in May or June, 1902, and while the Weinman building was being so occupied by appellees, Barnett took down and removed his building on lot one, including the wall adjacent to the Weinman building, and with a view of erecting a new building on said lot. The east wall of the Weinman building, which was an old adobe wall and had stood for many years, was crooked and bulged and out of plumb and had been for some time as shown by the evidence. After the removal of the Barnett building the appellants, Weinman and Barnett, entered into a party wall agreement whereby Barnett was to be permitted to build a party wall on the line between the two lots, said wall to stand one half its full thickness on each lot and to be forty (40) inches wide at the bottom or footing course of the foundation and eighteen inches wide at the floor joists, first and second story walls to be thirteen inches thick and the fire wall nine inches thick. It was also specified in said agreement that Barnett should be permitted to take down any part of the east wall of the Weinman building which might be necessary to locate the new wall centrally over the line. The evidence discloses that the appellee Ruppe, who was in charge of the drug store in question, was apprised of this agreement before any steps were taken to carry it into effect and made no objection thereto.

Barnett excavated a cellar on his lot preparatory to erecting his new building, leaving a bank on the west side next to the Weinman building variously estimated by the witnesses from two to five feet wide, and on June 30, 1902, had a contractor engaged in the building of the foundation of the new building, including the party wall, as per agreement with Weinman. The contractor, on that day

Palma & Ruppe v. Weinman & Barnett.

or just prior thereto, had excavated for a space of about five feet long on the line between the two lots at the northeast corner of the Weinman building, and according to the testimony of some of the witnesses, extending under the east wall of that building from ten to fourteen inches and of a depth of seven or eight feet.

At about five thirty on the afternoon of said day, the east wall or a portion of it, from a point fifty five feet south of the front line and up to the northeast corner where the excavation just referred to was situated, fell causing the damages of which appellees complain. It seems pretty well established by the evidence that the first crack in the falling wall appeared fifty-five feet back from the sidewalk and that the wall in falling moved slightly to the north or front of the building and that the stone foundation under the excavation heretofore referred to, fell in such excavation while the foundation of the remaining fifty feet of the fallen wall remained in place.

There is considerable conflict in the evidence as to just how the wall fell  and what portion of it fell inside and what portion outside of the Weinman building.   There is considerable testimony to the effect that the east wall of the Weinman building was weak and in an unsafe condition, and to support the appellants' theory that it fell from its inherent weakness and from the removal of Barnett's wall and the excavation on lot one depriving it of lateral support.

Immediately after the falling of the wall, the appellees removed to another location what remained of their stock and fixtures and apparently occupied the same premises up to the time their lease of the Weinman lot and building expired by its terms.   Upon demand by Weinman, after the wall fell, for the rent for July, 1902, appellees refused to pay it and Weinman thereupon took possession and sold his lot to Barnett who went into possession and occupied it.   The appellees brought suit for damages against both Weinman and Barnett, claiming damages in the sum of ten thousand dollars; for stock and fixtures injured and destroyed, three thousand dollars; for the value of the un-

expired term of the lease, one thousand dollars; for being compelled to remove to a less favorable location, five hundred dollars; and for loss of profits to their business five thousand five hundred dollars, and from a judgment in appellees' favor in the sum of four thousand dollars, based upon the verdict of the jury to which the cause was tried in the trial court, appellants, bring the cause to this court by appeal.

## OPINION OF THE COURT.

MANN, J.—This is the second time this cause has been up for hearing in this court. At the January, 1905, term it came up on error to the District Court of Bernalillo County and was reversed and remanded to that court for further proceedings in accordance with the opinion then rendered. The opinion was written by Mr. Justice Pope and concurred in by the other members of the court. It will be found reported in 13 N. M. at page 226, 82 Pacific Reporter, page 360.

The first question confronting us is, what did that decision establish as the law of the case, it being well settled that a previous ruling by an appellate court upon a point distinctly made in a case before it, becomes the law of that case and is binding upon the courts and the litigants. Crary v. Field, 10 N. M. 257; Flournoy v. Bank, 11 N. M. 87; Dye v. Crary, 13 N. M. 439.

A careful analysis of the former decision discloses that it settled two points, viz: (1) That the question of the proximate cause of the fall of the wall involved in this cause was a question for the jury on the evidence adduced and (2) that the party wall agreement was admissible in evidence.

At the second trial of the case the first proposition was submitted to the jury and the party wall agreement was introduced and admitted in evidence and the jury by their verdict must have found that the wall in question fell by reason of the excavation under the northeast corner of the building occupied by appellees, which excavation it seems to be conceded, was made by the contractor of the

appellant Barnett, under the terms of the party wall agreement between Barnett and Weinman.

The question then arises whether the appellant Weinman, who was the owner of the lot on which the injured building stood, and the lessor of the appellees, became a joint trespasser with Barnett by reason of the license granted Barnett by the party wall agreement. No question as to the breach of the implied covenant for quiet enjoyment in the lease between Weinman and the appellees is involved, for this is an action sounding wholly in tort, there being no contractual relations between the appellees and Barnett, and consequently a want of mutuality that precludes any question of breach of contract. In other words, Weinman cannot be held for breach of contract and Barnett for trespass in a joint action and by a joint judgment though a separate action against each might have been maintained.

The relation of landlord and tenant between the appellees and appellant Weinman then is important only because of the party wall agreement between appellants Weinman and Barnett, the former being the owner of the fee of the leased premises, and his liability so far as this case is concerned, must rest upon that agreement. If his license to Barnett to excavate under the wall of the leased building amounted in itself to a trespass, then he is liable; otherwise it was error to permit a joint judgment against him and Barnett for the alleged injuries to the goods of appellees in the leased premises. The party wall agreement shows on its face that Weinman and Barnett contemplated possible injury to the wall involved in the controversy for by the sixth paragraph of the agreement (p. 67 record) they provided for the payment by Barnett of such damages as might be done to the building by carrying out the agreement from Barnett's fault, such damages to be paid to Weinman, and while the agreement does not in terms provide that it shall be carried out during the tenancy of the appellees, yet there is nothing therein to the contrary and it was in fact begun to be performed when the wall fell.

A very similar state of facts to those in the case at bar is set up by the defendants in their answer in Collins v. Lewis, a Minnesota case reported in 19 L. R. A. 822, and the following quotation from the opinion in that case, written by Mr. Justice Collins, seems applicable here:

"It is difficult to understand how the landlord could authorize the performance of the acts provided for in the agreement without fully realizing that a trespass was to be committed, and that his tenant's right to quietly enjoy the premises invaded, unless his consent to the excavation was first obtained.    In fact, this invasion was expressly sanctioned, aided and abetted by the agreement and without its execution it is safe to say would not have occurred.

"It is obvious that under a claim of title the landlord has interfered with the tenant's possession of demised premises and has prevented him from having the use and enjoyment of a part thereof."

The court held that in a suit for rent by the landlord against the tenant, the latter could maintain a counterclaim for the damages sustained by reason of the party wall agreement referred to, on the theory, it is true, of a breach of the implied covenant for quiet enjoyment in the lease, but is it alone upon that theory that appellees might recover?

In Cooley on Torts (2nd ed.) page 104, we find the following:

"Indeed, in many cases, an action as for tort or an action as for breach of contract may be brought by the same party on the same state of facts.    This, at first blush, may seem in contradiction to the definition of a tort, as a wrong unconnected with contract; but the principles which sustain such actions will enable us to solve the seeming difficulty."

And we gather from the distinguished writer that cases where fraud or force enter into such a breach of contract, it may be treated either as a breach of contract or a tort and an action be maintained for either.    In the case at bar the party wall agreement amounted to a license or permission to another party to enter the leased premises

and to excavate under the wall of the leased building in such a manner as to greatly endanger the goods and fixtures of his tenants, a fact which Weinman must have known, and it seems to us that under the doctrine that he who commands or approves is equally guilty with him who performs the act, he was guilty of a trespass in conjunction with Barnett with whom he contracted, permitting him to do the actual wrong. Whitney v. Turner, 1 Scam. 253; Northern Trust Co. v. Palmer, 49 N. E. (Ill.) 555; 28 Am. and Eng. Enc. of Law, (2nd ed.) 566.

In the case of Northern Trust Company v. Palmer, supra, the facts were very much like the case at bar. Hawley the lessor in that case had contracted with the Florsheims, who were adjoining lot owners with the leased premises, to take down and build a new party wall, the tenant's goods were damaged by such removal of the wall and she brought a joint action against the lessor and the adjoining lot owners for damages.

In that case the Supreme Court of Illinois, says:

"Hawley could not, by the contract, without the consent of his tenant Fenton, take down and erect a new wall to the building, the necessary or probable effect of which would be to injure the tenant in her rightful and quiet possession, without being liable, jointly or severally with the Florsheims, the other wrongdoers, for damages.

"In Whitney v. Turner, 1 Scam. 253, this court said: 'The doctrine in relation to trespass is well settled that there are no accessories. All are principals who are in any wise concerned in the trespass. The person who commands or approves is equally guilty with the one who performs the act.' " Cooley on Torts (2nd ed.) 153; Bishop Noncontract Law, Sec. 522-524.

Both Weinman and Barnett' seek to avoid liability on the theory that Grande, the contractor who was excavating for Barnett's building and doing the actual work of excavation at the time the wall fell, was an independent contractor and therefore solely liable for the consequences of his acts.

The contract between Barnett and Grande is set out

in the record at pp. 70-71, and so much thereof as is material to this discussion, reads as follows:

"That the said party of the first part, for the consideration hereinafter mentioned, covenants and agrees with the said party of the second part to do all the excavation and stone work required in the erection and completion of a basement to be erected on the southwest corner of Railroad Avenue and Second Street, in the above said city, county and Territory, all to be done in accordance to the plans and specifications, and as directed by J. L. La Driere, the superintendent."

The chief consideration which determines one to be an independent contractor is the fact that the employer has no right of control as to the mode of doing the work contracted for. 16 Am. and Eng. Enc. of Law (2nd ed.) 187; Singer Mfg. Co. v. Rahn, 132 U. S. 518; Railroad Co. v. Hanning, 15 Wall. 649; Comers v. Hennessey, 12 Mass. 96; Forsyth v. Hopper, 11 Allen (Mass.) 419.

Mr. La Driere was the architect who drew the plans and superintended the construction of the new Barnett building and his testimony was to the effect that he merely saw to it that the excavation was done as provided in the plans and specifications.

But it is immaterial what control over the work was actually exercised by Barnett or his representative, the question is what he might have exercised under the contract with Grande. Campbell v. Lunsford, 83 Ala. 512; Linnehan v. Rollins, 137 Mass. 123.

It is then a matter of construction of the contract as to what power of control was reserved by Barnett over the acts of Grande and his employees, which determines whether Grande was in fact an independent contractor, or merely a servant and employee of Barnett.

The contract specifically states that the excavation and stone work to be done by Grande under its terms was to be "as directed by J. L. La Driere, the superintendent."

The intent of the parties seems to be clear and un-

ambiguous upon its face.   If LaDriere, who was unquestionably the agent of Barnett, could  direct the work of excavation, he had full power and control over it as to how, when and by what means it should be done.   "Direction means general instructions as to the manner of doing it." Bershire Woolen Company v. Day, 12 Cush. (Mass.) 128.

Speaking of the contract in Railroad Co. v. Hanning, 15 Wall. 649, Mr. Justice Hunt says:

"The company have the general control, and it may prescribe where each pile shall go, where each plank shall be laid, where each stringer shall be put down, where each nail shall be driven.   All details are to be completed under their orders and according to their directions."

The contract in this case seems as broad in its term:. In superintending and directing there is no limitation upon the power of La Driere, so long as he staid within the plans and specifications.   He could direct where every stone should be laid and every shovel full of dirt should be taken out. Grande was therefore a servant of Barnett, who though he was to receive a stipulated price for his work, executed it under the direction and superintendence of his employer. Bishop on Non-contract Law, sec. 602.

But even though ,Grande were in fact an independent contractor, Barnett would still be liable if the agreed method of excavating under the wall in question worked an injury to the rightful occupant of the building, on the theory that the procurer of a tort is answerable as doer. Bishop on Non-contract Law, Sec. 604; Carman v. S. & I. Ry. Co., 4 Ohio, St. 399; Palmer v. City of Lincoln, 5 Neb. 136; Gorham v. Gross, 125 Mass. 232; Sturgess v. Theological Ed. Soc., 130 Mass. 414.

In the case at bar the jury must have found under the instructions and from the evidence that the injury was caused as a direct result of the excavation under the wall, which it seems was being done under the plans and specifications furnished by Barnett and his architect.   In other words, it is not shown that the contractor or his employes were careless or negligent in excavating, but on the

contrary that Mr. LaDriere, on the very day the wall fell, was seeing to it that the excavation at the north east corner of the Weinman building was being done as per contract. (Record pp. 72-73).

Both appellants complain of the action of the trial court in permitting the witness Ruppe to refresh his memory by reading from the bill of particulars filed in the case by order of the trial court, as to the items of goods destroyed and their values. The witness, it is vigorously contended, merely read the bill of particulars to the jury, and a bill of exceptions duly allowed and signed appears at page 176 of the record, reciting that the court over the objection of counsel permitted the witness to read from the bill of particulars, etc.

Upon cross examination the witness testified that the items in the bill of particulars were made up from invoices and inventories taken by himself and his clerk just prior to the damage, deducting his sales and then checking up what was missing, and that it was, as he believed, correct at the time the bill of particulars was made up.

It is impossible to lay down an invariable rule upon the subject of the refreshment of a witness' memory, and just how and when it may be done is therefore subject to the circumstances of the particular case, to a great degree. It is laid down, however, that any writing may, under certain circumstances, be used for the purpose of stimulating and reviving the memory of a witness, even though it was not made by the witness himself, and though it may be only a copy of the original writing. 1 Wigmore on Evidence, Secs. 758, 759, 760; 3 Jones on Evidence, Secs. 884, 885.

In the case at bar the bill of particulars consisted of a long list of articles and the prices of the same, compiled by the witness and his clerk, and it would have been an utter impossibility for any person to have remembered the items therein set out.

In such cases it has been held, and we think properly, that the memoranda may be read to the jury if the witness knows them to be correct, even though the writing

Palma & Ruppe v. Weinman & Barnett

itself cannot bring to his mind independently the separate items. Bonnett et al. v. Gladfelt, 120 Ill. 166; Hudnutt v. Comstock, 50 Mich. 596; Lipscomb v. Lyon, 19 Neb. 511, 27 N. W. 731.

The case of Hudnutt v. Comstock, supra, is, in so far as the question under discussion is concerned, almost identical with the case at bar. The court says (p. 601):

"The only errors alleged which we are to consider are those assigned as 1 and 2. The 1st, that plaintiff as a witness in his own behalf was permitted to read his bill of particulars to the jury. . . . . . The first objection was to the witness reading from the bill of particulars to refresh his recollection, because it was but a copy from the books. The court overruled the objection and properly so, we think."

Under the circumstances of this case we do not think the court erred in permitting the witness Ruppe to read from the bill of particulars the several items of the goods destroyed, taken as it was from the only source from which anything like an accurate estimate of the goods and their value could be ascertained. It is certainly not the law that a merchant must be able to recall from memory every article in his store and its value before he can recover damages for loss thereof by reason of some one's wrongful act. To so hold would be equivalent to saying there could be no recovery.

The trial court instructed the jury as to the measure of appellees' damages, in case of recovery, that they might take into consideration:

1st. Loss of profits occasioned by the removal to another location.

2nd. Value of the stock and fixtures destroyed.

3rd. Injury and damage to stock and fixtures not completely destroyed.

4th. Reasonable expenses of moving to another location.

5th. Expense of repairs to furniture and fixtures partially destroyed; and

6th. Such other items testified about as are the prox-

imate consequence of the acts of defendants complained of.

As to the 2nd, 3rd, and 4th items above set out we think there can be no question, but they were proper elements of damage to be considered by the jury, providing such loss and expense proven by any competent evidence. Certainly if appellants by their wrongful acts caused the destruction and injury of appellees' goods they were holden for the value of those destroyed and the injury to those damaged, and if such wrongful act caused appellees to have to move the remaining stock and fixtures to another place to again resume their business it seems equally clear that they should pay such expense.

It also seems well settled that in a case where, in consequence of a trespass the plaintiff's business is destroyed, damages for loss of profits may be recovered, if proven. 3 Sutherland on Damages, (3rd ed.) Secs. 867-8-9; 1 Sutherland on Damages, (3rd ed.) Sec. 70.

The latter section (70) seems to state the rule concisely, both as to the right of recovery and proof required, as follows:

"In actions for torts injurious to business the extent of the loss is provable by the same testimony as in actions to recover for the loss of profits caused by the breach of contracts, and recovery may be had for such as is proved with reasonable certainty; it is enough to show what the profits would probably have been. Certainly it is very desirable in estimating damages in all cases; and where, from the nature and circumstances of the case, a rule can be discovered by which adequate compensation can be accurately measured, it should be applied to actions of tort as well as to those upon contract. *The law, however, does not require impossibilities,* and cannot, therefore, demand a higher degree of certainty than the nature of the case admits. If a regular and established business is wrongfully interrupted the damage thereto can be shown by proving the usual profits for a reasonable time anterior to the wrong complained of."

The case of the City of Terre Haute v. Hudnutt et al.,

112 Ind. 542, is a very interesting and instructive case upon the subject of loss of profits and the means of proving same. The rule there laid down and one which seems to be generally followed is that where a regular established business is injured, the average profits that the business is then earning and has earned is competent proof as to the loss of profits and a clear distinction is made between past and present profits as against speculative future profits, where the business has never been commenced and where the estimate of what the profits might be are necessarily speculative and uncertain.

In Nat'l Fibre Board Co. v. Auburn Electric Light Co., 95 Me. 318, the court in announcing the rule say:

"The defendant again contends that the net earnings or profits alleged to be lost are not recoverable because too uncertain and speculative. . . . . . . When, however, one has acquired or erected a valuable plant with an established business connected therewith yielding regular profits, and his plant is impeded or destroyed in its efficient operation by the tortious act of another, so that his regular profits are thereby lessened, he cannot be made whole unless he is reimbursed for the lost earnings of his plant. . . . . He is justly entitled to the profits which his sagacity, skill and industry would bring him in the business if not interfered with. If he cannot recover from the wrong-doer this actual loss over and above the decrease in the rental value, he suffers wrong, to the great reproach of the law."

The learned judge adds that the law is not open to such reproach and quotes from numerous authorities in support of the rule allowing damages for loss of profits to an established business.

There is, however, no evidence of loss of profits except the bald statement of the witness Ruppe as to the net profits per month during the time he occupied the Weinman premises; and at the location to which he removed his stock after the wall fell; true, the record shows that he referred to some memorandum to refresh his memory, but it nowhere appears what the memorandum was, nor when or by

whom it was made; nor does he state that he knows or even believes it to be correct. This being true, it was error to submit the question of loss of profits to the jury, there being no sufficient evidence to sustain a verdict of such loss.

Nor was there any competent proof of the damage to goods not entirely destroyed, that is, of damage suffered to goods made unsalable by dirt, torn boxes, etc., the testimony of Mr. Ruppe on that item being purely an estimate on his part as shown by pp. 196-197 of the record.

The court instructed the jury (p. 504, record) as follows:

"19.

"If you find the plaintiffs suffered any damage you will also allow interest at the rate of 6 per cent per annum on the amount of property injured or destroyed, if you find that any property in any amount was injured or destroyed from the 30th day of June, 1902, and if you find from the evidence that there was any injury to the business of the plaintiffs occasioned by the wrongful acts of the defendants, then you will also allow interest at the rate of six per cent per annum upon the amount if any found by you, from the 15th day of December, 1903."

To this instruction both the appellants duly excepted and it is complained of as error by each of them.

It seems to be a well settled rule that interest is not allowable as a matter of law, except in cases of contract, or the unlawful detention of money, unless so provided by statute. In cases of tort its allowance as damages rests in the discretion of the jury. Lincoln v. Claflin, 7 Wall. 132; Brent v. Thornton, 106 Fed. 35; Dist. of Columbia v. Robinson, 180 U. S. 92.

In Brent v. Thornton, supra, McCormick, Circuit Judge, speaking for the Circuit Court of Appeals for the fifth circuit, says:—

"The matter thus being in the discretion of the jury, if they had under a proper instruction returned the verdict in the terms in which it was rendered in this case, it would not have been subject to objection, because the two sums

added together would have shown distinctly the damage found by the jury. But the matter of interest should have been left to the discretion of the jury. They might have been charged that they could take into consideration the time intervening from the commission of the tort to the rendering of their verdict, if, in their judgment, the circumstances of the case so required. It was one element of damage that they had a right to consider, and it was their province to consider it, and to pass upon it, and was not the province of the court to decide as a matter of law."

We hold that the 19th instruction given by the trial court was therefore erroneous.

Much is said in brief of appellant Weinman's counsel as to whether or not the conduct of Weinman amounted to an eviction of his tenants, but as the court did not instruct the jury that it could find any damages as to the value of the unexpired lease and there is no counter claim or set off for the rent, after the wall fell, it becomes immaterial to the issues in this case. As has been hereinbefore said it is an action sounding wholly in tort and were it not for the effect given the party wall agreement between Weinman and Barnett, the former stands as though he were a stranger to the title, a mere joint trespasser with Barnett.

If the sum found by the jury for the actual loss and damage to the stock and fixtures less interest and that found for loss of profits and goods injured, could be computed, this verdict might be allowed to stand upon the filing of a remittitur, but we find it impossible to determine such amount and the cause is therefore reversed and remanded to the District Court of Bernalillo County with instructions to grant a new trial.

POPE, J.—(Dissenting from the result.)—This case has been twice before this court and is now being sent back for a third jury trial. There should be an end of litigation. As the exceptions sustained relate only to the award recoverable, I am of opinion that upon the new trial of the case the question of liability should be considered determined and the enquiry restricted to the

question of amount. The mandate should go down in that form. Lisbon v. Lyman, 49 N. H. 553; Kent v. Whitey, 9 Allen 62.