32 P.(2d) 815

**SUCETTI v. JONES' ESTATE.**

No. 3889.

Supreme Court of New Mexico.

April 23, 1934.

Reese P. Fullerton, of Santa Fé, for appellant.

John J. Kenney, of Santa Fé, for appellee.

HUDSPETH, Justice.

This is a suit for damages for personal injuries sustained by appellee while engaged in doing certain assessment work on mining claims belonging to the estate of John O. Jones, deceased. From a judgment for appellee in the sum of $1,540, the executors of said estate, defendants below, prosecute this appeal.

The main point relied upon for reversal of the judgment appealed from is based upon the alleged error of the trial court in finding that appellee was working as an employee of the defendants at the time of his injury, and not as an independent contractor.

The undisputed facts are that the plaintiff was an expert miner, having certain mining claims of his own adjoining those of the defendant; that, while he was doing the assessment work on his own claims in the summer of 1930, he was employed by the defendants as watchman and caretaker of their mines, at a salary of $12 per month; that, in the latter part of September, after plaintiff had finished the assessment work on his

own claims, defendants hired him to do the annual assessment work on their claims. The agreement ultimately reached by the parties, and under which appellee was working at the time he was injured, was that plaintiff was to put in 70 feet of tunneling on defendants' claims, at the rate of $7 per foot. The manner in which the agreed number of feet of tunneling, at the particular place designated by defendants, was to be done, was left entirely up to the plaintiff, and defendants never supervised or bossed the job in any way. It was apparently the understanding that plaintiff might hire such help as he might desire, to be paid by him, and plaintiff did, in fact, hire such help during the course of the work.

In the very recently decided case of Burruss v. B. M. C. Logging Co., 38 N. M. 254, 31 P.(2d) 263, we pointed out the general distinction between the employer employee relationship and the employer independent contractor relationship to be in the character of the control which the employer has the right to exercise over the performance of the work. In that case, the power retained by the employer to fire at will gave a right, in fact, of unlimited control over the worker. In the case at bar no such power is retained. Where the employer's control is limited to the result to be achieved, and he has no right to control the mode of doing the work contracted for, the relationship is that of independent contractor and employer. See De Palma v. Weinman, 15 N. M. 68, 103 P. 782, 24 L. R. A. (N. S.) 423. The facts of the case at bar bring it squarely within the application of the rule last stated, and the trial court's finding of a master and servant relationship was clearly erroneous.

Our decision on this point makes unnecessary the consideration of other assigned errors. The record showing no basis, on any other theory, upon which defendants' liability could be predicated, the judgment appealed from will be reversed, and the case remanded, with directions to the trial court to enter judgment for the defendants. It is so ordered.

WATSON, C. J., and SADLER, ZINN, and BICKLEY, JJ., concur.