**42 P.(2d) 1116**

## AMERICAN EMPLOYERS' INS. CO. OF BOSTON, MASS. v. GRABERT.

### No. 4048.

Supreme Court of New Mexico.

March 26, 1935.

H. B. Hamilton, of El Paso, Tex., for appellant.

Wilson & Woodbury, of Silver City, for appellee.

BICKLEY, Justice.

The question involved in this case is whether the appellee was an independent contractor or an employee within the provisions of the Workmen's Compensation Act (Comp. St. 1929, § 156-101 et seq., as amended).

The district court concluded that his relation was that of employee, and, from the judgment in favor of appellee based upon that finding and conclusion, an appeal has been taken..

The findings upon which are based the foregoing conclusions are as follows:

"That on or about the 7th day of June, 1933, said employer and said claimant entered into an arrangement or agreement whereby claimant was employed by said mining company to load concentrates from the ore concentrate bins of said employer into railway freight cars for shipment to a smelting company in St. Louis, Missouri; said agreement or understanding being verbal, the terms of said arrangement and the work performed thereunder in essence being:

"(a) Said claimant to be paid nine and one-half cents (9½¢) per ton for each ton of concentrate belonging to said mining company loaded by him from the concentrate bins into the railroad cars.

"(b) Claimant had the right to engage helpers for the purpose of doing said work, the wages of said helpers to be paid by said claimant.

"(c) Said claimant was at all times required to load such concentrates as might be designated by said mining company into cars to be designated by said mining company.

"(d) Said arrangement could be terminated at any time by either claimant or the mining company with or without cause without either incurring liability for so doing.

"(e) Said mining company reserved the right at all times to require said claimant to use such helpers or assistants as were agreeable and satisfactory to the mining company.

"(f) That on or about the 15th day of October, 1922, the arrangement was changed so that the amount received by claimant for loading concentrates was ten and one-half cents (10½¢) per ton instead of nine and one-half cents (9½¢) per ton.

"(g) That claimant was at all times subject to the mining company's orders and instructions regarding the time, method and manner of loading said concentrates and said claimant was at all times subject to call by said mining company to load concentrates.

"(h) That all tools used by claimant in the doing of said work belonged to and were furnished by said mining company.

"(i) That the loading of said concentrates was a part or process in the business or undertaking of such mining company; that said mining company at all times had the right to control said claimant in the doing of said work and the right to interfere with said claimant and that said claimant was always subject to said mining company's orders."

The appellant urges that findings (c), (e), (g), and (i) are not supported by substantial evidence.

Strictly speaking, there might be some doubt as to this proposition, at least as to some of these findings, but we do not pursue it because we regard it as unimportant in view of the unchallenged findings which were not excepted to, particularly finding (d), this finding being as follows: "(d) Said arrangement could be terminated at any time by either claimant or the mining company with or without cause without either incurring liability for so doing."

This power of the employer to terminate the arrangement carried with it the power to coerce the claimant into an obedience to direction to load into designated cars and to employ only such helpers or assistants as were agreeable and satisfactory to the mining company, and to employ the method and manner of loading suitable to the company.

If the evidence shows that in some particulars there was a failure of the mining company to exercise control, this does not negative its right and power to do so. The contract did not reserve to the claimant any freedom from control. The power of instant discharge of the plaintiff by the mining company dominates the elements otherwise sometimes employed as tests to determine the question whether a person in service is an employee or an independent contractor.

The contract was not for a particular period of time or result. It was not to load any particular number of cars. We have carefully examined the record, and, upon the facts, it presents no stronger case in favor of the contention that the claimant was an independent contractor than did the facts in Burruss v. B. M. C. Logging Co., 38 N. M. 254, 31 P.(2d) 263. The argument for appellant here is quite similar to that of the appellant there. And we hold that the principles announced in the Burruss Case are controlling in the case at bar.

Finding no error in the record, the judgment is affirmed and the cause remanded, and it is so ordered.

HUDSPETH, WATSON, and ZINN, JJ., concur.

SADLER, C. J., did not participate.