## MOSES B. WADLEIGH

*vs.*

## KATAHDIN PULP & PAPER COMPANY.

### Penobscot.    Opinion March 24, 1917.

*Meaning of and what form of actions may be included in an "action on the case."*
*Form of action to be brought under R. S., 1916, Chap. 47, Sec. 6.    Necessity*
*of proving demand in such actions.    Rule at common law as to*
*enforcing payment for services rendered where there*
*was no request, express or implied.*

1.   An action on the case includes assumpsit as well as tort.   Its distinguishing characteristic is that all the facts upon which the plaintiff relies must be stated in the declaration.

2.   The "action on the case" provided for in R. S., (1903), Chap. 43, Sec. 6, R. S., 1916, Chap. 47, Sec. 6, need not necessarily be in form ex delicto instead of in form assumpsit.

3.   Where, in an action brought under the provisions of said statute to recover reasonable compensation for driving the defendant's pulp wood which had become so intermixed with the plaintiff's logs that it could not be conveniently separated therefrom, the declaration sets out in a special count all facts necessary to make out a cause of action under the statute, and then concludes, "Wherefore by force of the statute in such case made and provided, the plaintiff is entitled to have and recover of the said defendant a reasonable sum for driving its said logs and pulp wood, as aforesaid, . . . . for which, by said statute, defendant became liable and promised plaintiff on demand," *held,* that such declaration is sufficient in form to permit a recovery thereunder for the driving upon proof of the facts alleged.

4.   It is a well settled general rule, that if A. performs services beneficial to B. under circumstances that negative the idea that the services are gratuitous, and B. knows it, and permits it, and accepts the benefits thereof, A. may recover of B. in an action upon a quantum meruit, what the services were reasonably worth.   But that rule is sustainable and applicable only upon the theory that facts and circumstances are proved sufficient to justify the inference that B requested the services, and intended to pay for them, and, therefore, the law implies a promise on his part to pay for them.

5.   Where there is no promise to pay, the common law gives no right to enforce payment for services rendered to another without his request express or implied; for in such case no promise to pay can be implied.

6.   Where it was for plaintiff's own interest to drive the defendant's pulp wood that had become so intermixed with his own logs that it could not be conveniently separated therefrom, and he had the right by statute to drive it without request, and without the defendant's consent, and even against its wish, and with the further right to recover a reasonable compensation from the defendant for so doing, it is not to be inferred that he drove the pulp wood with his logs because the defendant requested him to do so, even though the driving of it may have benefited the defendant.

7.   Where the plaintiff's declaration contained a special count in which were alleged all the facts necessary to be proved for the recovery under the provisions of R. S., (1903), Chap. 43, Sec. 6, of a reasonable compensation for driving the defendant's pulp wood which had become so intermixed with his logs that it could not be conveniently separated therefrom, which special count was followed by a count upon a quantum meruit for labor performed for the defendant, and where there was a sharp issue at the trial whether the plaintiff made the demand required by the statute, and the jury were instructed that if they did not find a demand proved or a waiver of the demand shown, but did find that the plaintiff in driving the pulp wood rendered the defendant a valuable service and conferred on it a valuable benefit, then the plaintiff is entitled to recover what the jury would consider a reasonable compensation for those services under the quantum meruit count in the writ, *held,* that the instructions were erroneous as applied to the facts and circumstances of the case.

8.   The plaintiff's claim as presented at the trial plainly was to recover the reasonable compensation provided for by the statute for driving the pulp wood under the authority of the statute, and the instructions enabled the jury to give the plaintiff such compensation, without proof of the demand required by the statute.   And they may have done so.   The instructions, therefore, were prejudicial to the defendant.

Action on the case in the nature of assumpsit brought under R. S., 1903, Chap. 43, Sec. 6, same Statute R. S., 1916, Chap. 47, Sec. 6. Defendant filed a plea of general issue.   Verdict for the plaintiff in the sum of $912.94.   Motion for new trial filed by defendant, and also exceptions to certain rulings of presiding Justice.   Exceptions sustained as stated in opinion.

Case stated in opinion.

*Gillin & Gillin,* for plaintiff.

*Ryder & Simpson,* for defendant.

SITTING:   SAVAGE, C. J., KING, BIRD, HANSON, MADIGAN, JJ.

KING, J.   Action to recover compensation for driving certain of the defendant's pulp wood down the Penobscot river to its destina-

tion at the booms of the company at Lincoln, which pulp wood had become intermixed with the plaintiff's logs in said river so it could not be conveniently separated; and also to recover wages and expenses of the plaintiff's men furnished the defendant to assist in separating the pulp wood from the logs at the sorting gaps at the defendant's booms.  The verdict was for the plaintiff for $912.24, of which sum $408 is the amount found by the jury for the driving of the intermixed pulp wood.  The case comes up on defendant's exceptions and motion for a new trial.

R. S. (1903) Chap. 43, Sec. 6, (same Statute R. S., 1916, Chap. 47, Sec. 6), provides:  "Any person, whose timber in any waters of the State is so intermixed with the logs, masts or spars of another, that it cannot be conveniently separated for the purpose of being floated to the market or place of manufacture, may drive all timber with which his own is so intermixed, toward such market or place, when no special and different provision is made by law for driving it; and is entitled to a reasonable compensation from the owner, to be recovered after demand therefor on said owner or agent, if known, in an action on the case; he has a prior lien thereon until thirty days after it arrives at its place of destination, to enable him to attach it; and if the owner cannot be ascertained, the property may be libeled according to law, and enough of it disposed of to defray the expenses thereof; the amount to be determined by the court hearing the libel."

The declaration contains three counts.  The first is a special count wherein are set out all the essential facts relied upon by the plaintiff to recover, under the provisions of the statute quoted, a reasonable compensation for the driving of the pulp wood, and this count also declares specially for the services and expenses of the plaintiff's men furnished to assist at the sorting gaps in separating the pulp wood from the logs and turning it into the defendant's booms.  The second count is upon a *quantum meruit* for labor performed for the defendant.  And the third count is for money had and received.

1.  The defendant contended at the trial that the remedy of "an action on the case" prescribed by the statute for the recovery of compensation for driving intermixed logs and lumber is necessarily an action in form ex delicto.  It is conceded that the action in this case is not an action ex delicto but is in form an action of assumpsit, and the defendant requested the presiding Justice to instruct the jury

that the plaintiff could not recover in this action of assumpsit any compensation for the driving of the pulp wood. That request was denied, and we think rightfully denied. ˗

It is familiar knowledge that very early in the history of the common law approved forms of writs, applicable to the usual and common causes of action, were preserved in the register of writs for use by the persons charged with the duty of issuing writs. When, however, no approved form of writ was found adapted to a plaintiff's particular cause of action, he was then permitted to bring a special action on his own case. And to this fact is attributed the origin of the "action on the case." 6 Cyc. Law and Procedure, 683.

Unquestionably an action on the case includes assumpsit as well as an action in form ex delicto. In *Hathorn* v. *Calef*, 53 Maine, 471, 477, Danforth J., after quoting from Chitty on Pleading, from Bacon's Abridgement, and from Stephen on Pleading, as to the origin, the signification, and the distinquishing characteristic of the "action on the case," said: "From these authorities which are believed to be sound, the action on the case includes assumpsit as well as tort, and, when this remedy is provided by statute, we know that all the facts must be set out in the declaration, but whether in the form of assumpsit, or tort, must be decided from the nature of those facts. It may be true that, when an action on the case is mentioned, we usually understand one of tort, for usually violations of statute provisions are tort." Courts in other jurisdictions, and text writers, have also stated that the question whether a declaration, in an action on the case, should be in form assumpsit, or in tort, is to be determined from the nature of the facts to be stated and established to make out the cause of action.

Undoubtedly logs of different owners may and do become intermixed in the waters of the State, so that they cannot be conveniently separated, without the fault of either owner. And we do not perceive that this statutory provision, giving an owner of logs the right to drive towards their destination other logs which have become so intermixed with his that they cannot be conveniently separated, and to have a right of action against the owner thereof to recover reasonable compensation therefor, necessarily involves any element of tort or active wrong on the part of the defendant in such an action. The defendant in such action may be wholly blameless for the intermixing of the logs and lumber, and yet the provisions of the statute be

applicable just the same.   If the owner of logs wrongfully obstructs a floatable stream with his logs and timber whereby another log owner is hindered in his lawful right to use the stream as a common highway, he becomes liable to the latter in a common law action of tort for the damages resulting from his negligent or wrongful use of the stream.   But there is no provision in this statute the violation of which by a log owner would be a tort.   It does not provide that a log owner must so control and drive his logs that they will not become intermixed with the logs of another.   It merely provides that when the logs of different owners do become intermixed, from whatever cause, so that it is reasonably necessary that they should be driven along together as one drive, they may be so driven, and the owner who does it may recover of the other a reasonable compensation therefor.   It seems plain to us that the purpose of the statute was to prevent the useless expense, and to avoid the vexatious delay, that would be occasioned in separating intermixed logs and timber in the floatable waters of the State.   It authorizes a log owner to do what otherwise he would have no right to do, that is, to drive the logs of other owners, which become so intermixed with his that they cannot be conveniently separated, towards their place of destination, whether the owner assents or not, and it also secures to him a reasonable compensation for so doing.   It does not seem, therefore, that the remedy by "an action on the case," provided for in this statute to recover such reasonable compensation, is predicated upon the idea of negligence or the neglect of any duty, statutory or otherwise, on the part of the defendant log owner.   The statute gives the plaintiff log owner the *right* to drive the defendant's logs with which his own have become so intermixed, irrespective of the cause of the intermixing, and it imposes an *obligation* on the defendant log owner to pay the plaintiff a reasonable compensation therefor to be enforced after demand in "an action on the case."   We think there is no element of tort or active wrong on which that statutory obligation to pay the reasonable compensation is predicated, and, therefore, we see no reason why the action should necessarily be in form ex delicto instead of in form assumpsit.   We think it may be in either form. The action on the case includes both.   Its distinquishing characteristic is that all the facts upon which the plaintiff relies must be stated in the declaration.   *Hathorn* v. *Calef*, supra.   In the case at bar the special count in the declaration sets out all the facts necessary to

make out a cause of action under the statute, and then concludes: "Wherefore, *by force of the statute in such case made and provided,* the plaintiff is entitled to have and recover of the said defendant a reasonable sum for driving its said logs and pulp wood, as aforesaid, . . . . . for which, *by said statute,* defendant became liable and promised plaintiff on demand."

Notwithstanding that the plaintiff's special count concludes in assumpsit, it is the opinion of the court that it is sufficient in form to permit a recovery thereunder for the driving, upon proof of the facts therein alleged.

2. There was a sharp issue at the trial whether any demand for the driving was made before this action was brought. The defendant denied that a demand was made, and the plaintiff claimed that it was made, but, if not, that it was waived. The court clearly presented to the jury those issues as to demand and waiver of demand, and further instructed the jury as follows: "The plaintiff goes still further and says to the defendant, if you insist that this action cannot be brought under my first count, because you do not admit demand or waiver, then I say to you, the plaintiff says in substance, that the statute is simply declaratory of a common law principle, and in this statute adds to the declaratory principle the right of lien. And so the plaintiff says, I have put in my writ another count, which he says is a quantum meruit. The plaintiff says that, regardless of statute, I can bring my action and maintain it under the quantum meruit. That is, upon the principle that if A renders beneficial services to B and B knows it, and accepts the benefit of those services, that B is bound to pay. So I say, the plaintiff says that if the defendant is going to stand upon his legal rights of a demand under the statute, then we will go to the other count in our writ. . . . I should have said that as the statute requires a demand for recovery under the statute, that the plaintiff must satisfy you by a fair preponderance of all the evidence, either that a demand was made, or by its conduct the pulp company waived the demand. And so I say, coming back to my broken thread, the plaintiff says that if the defendant insists upon the letter of the law that we cannot maintain our action without a demand proved or a waiver of the demand shown, then we go to our quantum meruit. And so the plaintiff says that if the jury is satisfied by a fair preponderance of the evidence that the plaintiff in driving the logs down the river rendered the

defendant a valuable service, and conferred on it a valuable benefit in driving the logs of the defendant sixteen miles down the river to the mill at Lincoln, then the plaintiff is entitled in this action to recover of the defendant what the jury would consider a reasonable compensation for these services under the quantum meruit count in the writ. And I give you that instruction as to the quantum meruit. I also give exceptions to the defendant if they so desire." And further on in the charge the court said: "If you find there was not a demand, you may proceed to the question of quantum meruit, which involves this question of fact for you to determine: Was the defendant pulp company the recipient of beneficial services at the hands of this plaintiff? In other words, did it benefit the pulp company to have those logs driven down in this way? You are not forgetting of course that the pulp company strenuously insists that the benefit was more to Mr. Wadleigh—more to Mr. Wadleigh than it was to them, don't forget that contention. I say, you will determine whether this driving of the logs down the river by the plaintiff was a benefit or not. And if you should not find a demand under the statute, if you should find that the defendant company received beneficial services under the rule I have given you, that if A. performs beneficial services to B. and B. knows it and accepts the benefit of the services that B is bound to pay for them. I say if you find they were a benefit then you are to determine the damages and assess this claim for plaintiff."

We have thus quoted in full the instructions to the jury as to the plaintiff's right to recover for the driving under his quantum meruit count in order that the question whether those instructions constitute prejudicial error might be more clearly disclosed, applying the instructions to the plaintiff's claim presented in the trial.

It is a well settled general principle, that where one party renders services beneficial to another, under circumstances that negative the idea that the services were gratuitous, and the party to whom the services are rendered knows it, and permits it, and accepts the benefit of those services, he is bound to pay a reasonable compensation therefor. That is because such facts and circumstances justify a presumption that the party to whom the services are rendered must have requested them, and must intend to pay for them, and, therefore, the law implies a promise on his part to pay for them.

But we think the case at bar is not quite within the scope of that general principle. The plaintiff had a right by statute to drive the defendant's pulp wood as he did, if it had become so intermixed with his logs that it could not be conveniently separated therefrom. The defendant could not prevent it. No request on the part of the defendant was necessary, and under those circumstances we think it is not to be inferred. "This statute gives a party a right to enforce a claim for services supposed to be rendered for the benefit of another. but without his request, and sometimes without his knowledge, and possibly against his wishes. Such a statute is in derogation of the common law." *Lord* v. *Woodward,* 42 Maine, 497. The common law gives no right to enforce payment for services rendered without a request, express or implied, because in such case no promise to pay can be implied. It is not to be doubted, we think, that the plaintiff drove the defendant's pulp wood because he had a right to do so under the statute provisions, and not because of any request or assent, express or implied, on the part of the defendant. It is plain from the record that the plaintiff's claim at the trial was to recover the reasonable compensation provided for in the statute for driving the pulp wood under the authority of the statute. To sustain that claim it was incumbent upon him to prove the demand provided for by the statute. That he undertook to do. But the jury were instructed that if they did not find a demand for the services of driving was made, "then the plaintiff is entitled in this action to recover of the defendant what the jury would consider a reasonable compensation for these services under the quantum meruit count in the writ." We think the instructions as to the plaintiff's right to recover under his count upon a quantum meruit must be held to be error prejudicial to the defendant, and that its exceptions thereto must be sustained. Those instructions enabled the jury to give the plaintiff "reasonable compensation" for driving the defendant's pulp wood, under the authority of the statute, but without proof of the demand therefor required by the statute. And the jury may have done so.

The exceptions to the instructions as to the plaintiff's right to recover under his quantum meruit count being sustained, it becomes unnecessary to consider the motion, for inasmuch as we are of opinion that the plaintiff may recover for the driving under the special count therefor in his writ, upon making proper proof, we would not be authorized under the motion to suggest a remittitur of so much of the

verdict as represents the driving.   The other exceptions appear to relate to the sufficiency of the evidence and need not now be passed upon.   The entry will therefore be,

*Exceptions sustained as stated in the opinion.*