### HARRY A. THURSTON *vs.* MARY A. NUTTER.

Penobscot County. Decided January 2, 1928. Motion by defendant to set aside verdict.

This case has been before this court before, (*Thurston v. Nutter*, 125 Me. 411) when it was considered from a different angle than that presented here. At the first trial, the verdict was for the defendant, based on the proposition that a contract existed between the parties and that plaintiff was guilty of a breach thereof. That verdict was set aside on the ground that no contract had ever been consummated, the minds of the parties never having met on the various details necessarily involved in the joint undertaking which they had attempted to negotiate.

The pertinent facts are so fully stated and discussed in the former opinion that they need not be restated here.

At the second trial, plaintiff's claim rested on a quantum meruit, in accordance with the findings of this court in the earlier case.

It appeared in the report of the evidence, both at the first and second trials, that plaintiff had expended considerable time and money in making certain improvements on defendant's property, with her knowledge and assent, had furnished her with at least a portion of her food during a period of nine months and also had furnished some food for her farm animals. All of these items were included in a some-

Vol. 126—40

what lengthy account and were the subject of consideration by the jury.

There was no express agreement on the part of defendant to pay these amounts. This court has so found. Plaintiff's right to recover rests on an implied agreement.

Ordinarily, when one furnishes goods, or materials to, or performs labor for another, with his assent, but with no express contract, and there is nothing to indicate that a gratuity was intended, a contract is implied to pay a reasonable compensation therefor, the measure of which is the market value of the goods or materials, and for labor the wages ordinarily paid for similar labor in a like locality.

But this is the usual legal measure, because it is, under ordinary circumstances, presumably the intent of the parties so to adjust compensation.

Under the peculiar circumstances of this case, the presumption of such an intent is overcome. The benefit to the defendant is the more just, reasonable and equitable standard by which the compensation due the plaintiff may be measured.

The great bulk of the expenditures included in plaintiff's account were obviously not such as would have been assented to by defendant had she anticipated that she would be called upon to pay for them. Nor was plaintiff justified in expecting that defendant would pay him for them. They were largely incurred because they were, or were to be, beneficial to him and to his family. Such expenditures, in view of the exact situation existing between these parties are not charges upon which the plaintiff may recover.

A reasonable charge for food furnished defendant or to her farm stock, such slight appreciation, if there were appreciation, in the actual market value of her property, as may have resulted from plaintiff's labor or from materials and labor paid for by him, would be matters directly beneficial to defendant and should be paid for by her. This is the limit of her liability.

A careful analysis of the evidence fails to satisfy a majority of the court that, measured by such a rule, plaintiff could rightfully claim from defendant a sum in excess of two hundred dollars or that a verdict for a larger sum should be allowed to stand.

If, within thirty days after the filing of this rescript, the plaintiff file a remittitur of so much of the verdict as is in excess of two hundred

dollars, the motion for a new trial will be overruled, otherwise it must be sustained.    Motion granted unless remittitur filed.    *L. B. Waldron*, for plaintiff.    *W. B. Peirce and James H. Hudson*, for defendant.