**Michael R. GILBERT**

v.

**Violet M. CLICHE.**

Supreme Judicial Court of Maine.

March 1, 1979.

Alan C. Sherman, Waterville (orally), for plaintiff.

Marden, Dubord, Bernier & Chandler by Albert L. Bernier, Waterville (orally), for defendant.

Before McKUSICK, C. J., and WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ.

WERNICK, Justice.

This appeal challenges the entry by the Superior Court (Kennebec County), for the second time, of a judgment in favor of defendant notwithstanding the verdict of a jury that defendant was liable to plaintiff.

Some fifteen months ago, in *Gilbert v. Cliche,* Me., 379 A.2d 717 (1977), we decided that the Superior Court's first judgment n. o. v. in favor of defendant must be set aside because the presiding Justice had acted without defendant's having filed a motion for judgment n. o. v. and thus improperly under Rule 50(b) M.R.Civ.P. We therefore remanded the case to the Superior Court for further proceedings. Thereafter, an appropriate motion for judgment n. o. v. having been filed by defendant, the presiding Justice granted the motion and again ordered judgment n. o. v. in favor of defendant. The Justice adhered to the view he had taken when he first ordered judgment for defendant. The conclusion was that the evidence was insufficient to prove the elements enunciated in *Thurston v. Nutter,* 125 Me. 411, 134 A. 506 (1926), as carried over from *Wadleigh v. Katahdin Pulp & Paper Co.,* 116 Me. 107, 100 A. 150 (1917), which the Justice had instructed the jury, without objection by the parties, were here to govern whether or not defendant was liable to plaintiff.

We disagree with the presiding Justice. We find in the record sufficient evidence of facts that would support, as rational, a jury conclusion that the elements delineated in *Thurston v. Nutter, supra,* were present. We therefore sustain the appeal, and finding no reason for a new trial on the issue of liability, we order reinstatement of the verdict of the jury adjudicating defendant liable to plaintiff, see Rule 50(c) M.R.Civ.P., and remand the case to the Superior Court for the determination of damages.

■ Evaluated most favorably to plaintiff the evidence would support factual findings as follows. Plaintiff's mother, the defendant, made express declarations to plaintiff that she would convey the family farm to him at half price. Defendant acknowledged to two of her other children that she had made this proposition to plaintiff, and in her testimony at the trial she admitted having made it. Defendant also made various remarks to plaintiff giving him reason to rely on her promise to convey

the family farm to him. Plaintiff signed mortgage papers on the family farm because defendant wanted him "put down as half owner of the farm", and for many years plaintiff paid the taxes that were assessed in both his name and defendant's. Defendant brought friends to the farm to show them the progress of one of the improvement projects in which plaintiff was engaged. Plaintiff's step-father helped him with another improvement project, the rebuilding of the barn. Throughout the period in which plaintiff occupied the farm, and in the course of which defendant had come to learn of the extensive improvements he had made, defendant never stated that he should consult with her before he was to undertake improvement projects. Defendant having reneged on selling the farm to plaintiff at half its value, plaintiff seeks to recover damages for the improvements made by him.

These facts would warrant ultimate jury findings that the controlling elements of *Thurston v. Nutter* were here satisfied, to-wit: (1) plaintiff ". . . render[ed] services beneficial to . . . [defendant]"; (2) "under circumstances that negative the idea that the services were gratuitous . . ." and (3) "the party [defendant], to whom the services . . . [were] rendered, kn[ew] it and permit[ted] it and accept[ed] the benefit . . . ." *Id.,* 125 Me. at 418, 134 A. at 509.

It was error, therefore, for the presiding Justice to order the entry of judgment in favor of defendant notwithstanding the verdict of the jury adjudicating defendant liable to plaintiff. Since nothing before us indicates any reason for a new trial on the question of liability, we exercise our authority under Rule 50(c) M.R.Civ.P. and order reinstatement of the jury verdict.

Because the case must be remanded for the determination of damages, we think the special circumstances of the case make it appropriate that we discuss the measure of damages. In the pre-trial order of the Superior Court the governing measure of damages is stated as "*the increase in the fair market value of the property*" result-

ing from the improvements made by plaintiff. (emphasis added) The circumstances involved here closely parallel those in *Thurston v. Nutter,* 126 Me. 609, 139 A. 680 (1928). We therefore conclude that the *special* rule of damages prescribed in that case, with which the measure stated in the pre-trial order in this case corresponds, is the rule of damages applicable to this case. As was said in *Thurston v. Nutter, supra,* at 610, 139 A. at 680:

> "*Ordinarily,* when one furnishes goods, or materials to, or performs labor for another, with his assent, but with no . . . contract, and there is nothing to indicate that a gratuity was intended, . . . *the measure of . . . [damages] is the market value of the goods or materials, and for labor the wages ordinarily paid for similar labor in a like locality.*
>
> "But this is the usual measure, because it is, under ordinary circumstances, presumably the intent of the parties so to adjust compensation.
>
> "*Under the peculiar circumstances of this case,* the presumption of such an intent is overcome. *The benefit to the defendant is the more just, reasonable and equitable standard by which the compensation due the plaintiff may be measured.*" (emphasis added)

The entry is:

Appeal sustained; judgment for defendant vacated; verdict of the jury, adjudicating defendant liable to plaintiff, reinstated; case remanded to the Superior Court for further proceedings to determine damages.

POMEROY and NICHOLS, JJ., did not sit.